UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 2 6 2012
```

-----------------------------------------------------------------X

La Reunion Aerienne,

                   Plaintiff,

      -v-

CSDS Aircraft Sales and Leasing, Inc.

                   Defendant.

-----------------------------------------------------------------X

11 Civ. 8464 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

For the reasons stated below, the Court DENIES Plaintiff La Reunion Aerienne's ("LRA") request to dismiss the action at this time.

## I.      BACKGROUND

Plaintiff LRA, the "Lead Underwriter" of a policy that insured an aircraft owned by Defendant CSDS Aircraft Sales and Leasing ("CSDS"), commenced this action on November 22, 2011, seeking a declaratory judgment that LRA does not provide coverage for the damages claimed by Defendant. On March 2, 2012, CSDS filed a motion to transfer the case to the Central District of California.

On April 8, 2012, never having responded to the motion to transfer, Plaintiff submitted a letter to the Court, which is attached to this order, explaining that a co-insurer who is a real party in interest to the case is not diverse and that subject matter jurisdiction therefore does not exist. Plaintiff requested that the Court dismiss the action for lack of subject matter jurisdiction without requiring the non-diverse party to formally attempt to enter the action. The Court requested letter briefing from the parties (Docket # 22), the entirety of which is attached to this Order.

1

II.    **PLAINTIFF'S REQUEST TO DISMISS THE CASE FOR LACK OF SUBJECT MATTER JURISDICTION IS DENIED AT THIS TIME**

The purportedly non-diverse co-insurer has not sought to intervene or otherwise join in the present action. In its letters, Plaintiff requests that the Court dismiss the case nonetheless, alternately contending that the co-insurers are necessary parties to the action pursuant to Rule 19,[1] and that all co-insurers are equivalent to the "names" in a Lloyd's of London insurance syndicate,[2] in which case the co-insurers are to be considered parties to the action even though they are not named in the Complaint. *See Chase Manhattan Bank, N.A. v. Aldridge*, 906 F. Supp. 870, 872–73 (S.D.N.Y. 1995) (diversity in a case involving a Lloyd's of London insurance syndicate determined by the citizenship of the "names," not the underwriter).

The letter briefing provided by Plaintiff is insufficient to establish that the case should be dismissed. For example, there is no information before the Court as to the structure of the co-insurance agreement(s). Plaintiff has not explained and the Court is not in a position to determine whether Plaintiff is itself a co-insurer (as indicated on the first page of Plaintiff's April 24, 2012 letter) or whether Plaintiff, as underwriter, acted as an agent on behalf of the co-insurers, as is the case in a Lloyd's of London syndicate. *See Humm v. Lombard World Trade, Inc.*, 916 F. Supp. 291, 297–98 (S.D.N.Y. 1996) ("Names" in a Lloyd's of London insurance syndicate are the real parties in interest whose citizenship matters for purposes of diversity jurisdiction). Nor has Plaintiff indicated whether the co-insurers (and/or Plaintiff) are jointly and severally liable, a factor in the Rule 19 analysis. *See Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 838 (1989) ("[G]iven that all of the guarantors . . . are jointly and severally liable, it cannot be argued that [one of the guarantors] was indispensable to the suit."). Plaintiff has provided portions of its contracts without providing any context or explanation for the contents therein.[3]

While the Court has serious concerns about the possibility that the co-insurers belong in this lawsuit—and that the structure of the insurance syndicate at issue may require the Court to consider the citizenship of the co-insurers even though they are not named in the Complaint—Plaintiff has not presented adequate information to allow the Court to make such a determination at this time.

III.   **CONCLUSION**

For the foregoing reasons, the Court will not dismiss the case for failure to join a necessary party or for lack of subject matter jurisdiction at this time. If Plaintiff wishes to submit an opposition to Defendant's motion to transfer, it shall do so within two weeks of the date of this order. Defendant's reply, if any, shall be submitted not more than seven days following the

---

[1] *See* 4/24/12 Letter at 4–5.

[2] *See* 5/4/12 Letter at 2.

[3] 4/24/12 Letter Exs. A, L.

submission of Plaintiff's opposition.[4]

SO ORDERED:

Dated: June 26, 2012
       New York, New York

ALISON J. NATHAN
United States District Judge

---

[4] Plaintiff also requests dismissal of the case pursuant to Rule 41(a)(2), which the Court will not address until after ruling on the motion to transfer. *Gerald v. Nat'l R.R. Corp.*, 1992 WL 77617, at *1 (S.D.N.Y. Mar. 20, 1992).